IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CRYSTAL ROBINSON, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No.   2:22-CV-203-RWS-JCF |
| | ) | |
| v. | ) | |
| | ) | |
| GRANDMA'S NY-STYLE PIZZERIA DAWSONVILLE, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Crystal Robinson ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant Grandma's NY-Style Pizzeria Dawsonville, LLC ("Defendant") and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for retaliation against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*

## JURISDICTION

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

## VENUE

3.

The unlawful employment practices alleged in this Complaint were committed within this district. Thus, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a Georgia resident and subject to jurisdiction in this Court.

5.

At all times relevant to this action, Defendant has been doing business within this district. Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

6.

Defendant is a Domestic Limited Liability Company and can be served through it's registered agent, Sabedin Koraqi. At 12 Dawson Market Way Ste 180, Dawsonville, GA 30534.

## ADMINISTRATIVE PROCEDURES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

8.

Upon Plaintiff's request, on August 16, 2022, the EEOC issued Plaintiff a Notice of Right to Sue with respect to Plaintiff's EEOC Charge, entitling an action to be commenced within ninety (90) days of receipt of that notice.

9.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

10.

Plaintiff began her employment with Defendant, on or about August 1, 2021, as a cashier/pizza maker.

11.

In September 2021, male employees of Defendant, including Fernando LNU, Mario LNU (branch manager), Luigi LNU, and Jesus LNU, began sexually harassing Plaintiff. Mario, branch manager, called Plaintiff "baby girl" and "sweet

cheeks" and asked Plaintiff to kiss him. Luigi, Mario's cousin, would ask Plaintiff to kiss him repeatedly in shifts when she worked with him. Jesus, Mario's cousin, told Plaintiff that her boobs were too big for her, called her pet names, and spoke about Plaintiff in Spanish.

12.

One time, Mario and Jesus said in Spanish, in front of Plaintiff's mom, that they wanted to pull Plaintiff out of the car and make her kiss them.

13.

In November or December 2021, Jesus demanded that Plaintiff let him get in her car and let him take her home. In December 2021, Mario texted Plaintiff stating that Fernando loved her.

14.

In December, Mario, Luigi, and Jesus also began harassing a sixteen-year-old female employee.

15.

In January or February 2022, Jesus cornered Plaintiff while she had her back turned. When she turned around, Plaintiff was startled and said, "Don't do that. You're going to give me a heart attack." Jesus was inches away from Plaintiff's face. Jesus said, "Just one kiss" and puckered his lips at Plaintiff as he cornered

her. Whenever Plaintiff rejected Jesus' advances, he would become angry and slam dishes around.

16.

Towards the end of February or early March, Plaintiff reported Mario, Luigi, and Jesus' harassment to co-owner Lulzim Olluri. After Plaintiff reported the sexual harassment, Jesus began to harass Plaintiff even more. He began calling Plaintiff "hot chick" and "sexy ass." After a week of worsening harassment, Plaintiff reported the harassment to the co-owner Sabetini Koraqi.

17.

After Plaintiff reported the sexual harassment to Sabetini, Defendant cut Plaintiff's work hours, thereby reducing her pay, and she was sent home repeatedly by Mario. Plaintiff was sent home from her shift approximately 12-13 times after reporting. The employer cut Plaintiff's work hours from forty to forty-five hours a week, down to only two days a week.

18.

Plaintiff was constructively discharged as a result of Defendant's failure to remediate the sexual harassment and due to Defendant retaliating against her by cutting her work hours.

19.

Around the end of March 2022, Plaintiff stopped working for Defendant due to the harassment, which constituted a constructive discharge.

20.

Defendant constructively discharged Plaintiff for engaging in protected activity.

21.

Any reason provided for cutting Plaintiff's work hours is pretext for unlawful retaliation against Plaintiff because of her protected activity.

22.

As a result of Defendants' actions, Plaintiff has suffered damages, including lost wages and emotional distress.

23.

Defendant operates (5) pizzerias in the metro-Atlanta, Georgia area, all of which are called Grandma's N.Y. Pizza.

24.

Defendant's (5) pizzerias have common ownership.

25.

Defendant's (5) pizzerias are managed, in part, by the same owners

26.

As a single employer or integrated employer, both Defendant's employees and employees of the other Grandma's NY-Style Pizzeria locations may be counted together for determining whether Defendant has the requisite number of employees for Title VII jurisdiction.

27.

Defendant has had 15 or more employees in 20 or more calendar weeks 2022, and is subject to Title VII.

## CLAIMS FOR RELIEF

## COUNT I: RETALIATION VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

28.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

29.

Plaintiff's complaints and opposition to sexual harassment/gender discrimination constitute protected activity under Title VII.

30.

Defendant subjected Plaintiff to adverse action, specifically cutting her work hours, because of her protected activity. The adverse action to which Plaintiff was

subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

31.

There was a causal connection between the protected conduct and the adverse action of cutting Plaintiff's work hours.

32.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

33.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

34.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## Title VII – Discriminatory Constructive Discharge

35.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

36.

Plaintiff was subjected to severe and pervasive sexual harrassment for months by Defendant's employees.

37.

Following Plaintiff's complaints to the owners about the sexual harrasment, the sexual harrasment continued and Defendant cut Plaintiff's work hours, thereby substantially reducing her pay.

38.

The continued sexual harassment and reduction of Plaintiff's pay made continued employment with Defendant intolerable.

39.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

40.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

41.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) That judgment be entered against Defendant on all claims asserted;;

(b) That general damages be awarded for mental and emotional suffering on Plaintiff's claims;

(c) Punitive damages against Defendant based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Lost wages and other economic damages against Defendant pursuant to Title VII and applicable law;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h)      Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)      Attorneys' fees and expenses of litigation from Defendant pursuant to Title VII and applicable law;

(j)      All equitable relief available, including reinstatement of front pay in lieu thereof from Defendant pursuant to Title VII and applicable law;

(k)      All other relief to which she may be entitled.

This 8th day of October, 2022.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353-0092
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com